IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–00977–KMT

ANTHONY J. SMITH,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

---

## ORDER

---

This matter is before the court on "BNSF Railway Company's Amended Motion and Brief in Support for Bifurcation of Plaintiff's FELA and FRSA Claims for Trial" [Doc. No. 77]. Plaintiff responded in opposition [Doc. No. 79] and Defendant replied [Doc. No. 83].

The chronology of events underlying both Plaintiff's Federal Employers' Liability Act ("FELA")[1] and Federal Railroad Safety Act ("FRSA")[2] claims is set forth in this court's recently-issued comprehensive Order on summary judgment [Doc. No. 73] ("SJ Order") and will

---

[1] FELA holds railroads liable for employees' injuries "resulting in whole or in part from [carrier] negligence." 45 U.S.C. § 51.
[2] FRSA provides that a railroad "may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done, or perceived by the employer to have been done or about to be done . . . to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness of an employee." 49 U.S.C. § 20109(a)(4).

not be again recited in detail here. Suffice to say that both claims have interwoven facts from beginning to end and stem from the same events over a relatively short period of time from approximately May through early September 2015. (*Id*. at 2-4.) Pursuant to FELA, Plaintiff claims that BNSF provided an unsafe work environment that led to his physical injury on July 22, 2015. Pursuant to FRSA, Plaintiff claims that he was fired because he filed an injury report about the July 22, 2015 injury, a protected activity. BNSF claims the FELA injury report was false. Defendant's primary assertions, as best the court can ascertain pre-trial, are that Plaintiff was not injured by any negligence on the part of BNSF and that, if he was injured on the job at all, that injury happened in May 2015 and not in July 2015. Defendant argues, therefore, that anything to the contrary reported by Plaintiff in July 2015 was an intentional falsehood. Defendant asserts, then, that it does not owe any damages under FELA to the Plaintiff and that the Defendant was justified in terminating Plaintiff's employment based on his dishonesty in connection with the FELA report and the following investigations. Plaintiff counters that not only was he not dishonest, the dishonesty allegation is a pretext for the real reason he was fired—for engaging in the protected activity of filing a claim for injury pursuant to FELA. As this court stated in the SJ Order, "[w]ithout a doubt, the primary dispute in this case is whether Plaintiff suffered a work-related injury in May 2015 or in July 2015 or both or neither." (*Id*. at 9.) The origin of the physical injury, if any, underlies both the FELA negligence claim and the FRSA retaliation claim, given that BNSF's purported reason for terminating Plaintiff shortly after the FELA report was made was his dishonesty about the injury and the claim.

      Obviously, Defendant is correct in arguing that the FELA and the FRSA claims involve separate and distinct elements, defenses, and remedies. (Mot. at 2.) The elements of a FELA

claim are that: (1) Plaintiff was injured within the scope of his employment; (2) his employment was in furtherance of the railroad company's interstate transportation business; (3) that the railroad company was negligent; and (4) that the railroad company's negligence played some part in causing the injury for which the plaintiff seeks compensation under FELA. *Wright v. BNSF Ry. Co.*, 177 F. Supp. 3d 1310, 1314 (N.D. Okla. 2016). For a FRSA claim, the elements are that (1) Plaintiff engaged in protected activity; (2) BNSF knew about the protected activity; (3) BNSF subjected Plaintiff to an unfavorable personnel action; and( 4) the protected activity was a "contributing factor" in the unfavorable personnel action. *BNSF Ry. Co. v. United States DOL*, 816 F.3d 628, 638 (10th Cir. 2016); *Kuduk v. BNSF Ry. Co.*, 768 F.3d 786, 789 (8th Cir. 2014). BNSF's allegations are that Plaintiff lied about his FELA injury in a report made to BNSF—that he either was not injured at all or that he was not injured in the manner he reported. The evidence to support—or alternatively to defend against—either claim will be, at least in large part, duplicative.

A party seeking to bifurcate issues for trial has the burden of proving that separate trials will (1) promote convenience, (2) avoid unfair prejudice to a party, or (3) expedite and economize the proceedings. *See* Fed. R. Civ. P. 42(b) (allowing courts "[f]or convenience, to avoid prejudice, or to expedite and economize . . . , [to] order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."); *Batchelor v. Viking Ins. Co. of Wisconsin*, No. 11-CV-02091-PAB-MJW, 2012 WL 2054807, at *1 (D. Colo. June 7, 2012). Generally, "the party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F.Supp.2d 1233, 1250 (D. Kan. 2010).

Bifurcation is the exception, not the rule. *Am. Family Mut. Ins. Co. v. Haslam*, No. 09-CV-00724-DME-MEH, 2011 WL 1042284, at *1 (D. Colo. Mar. 22, 2011).

Courts have wide discretion in deciding whether to bifurcate or sever issues for trial. *Easton v. City of Boulder, Colo.,* 776 F.2d 1441, 1447 (10th Cir. 1985). Although it is not an abuse of discretion to bifurcate a trial if the interests of judicial expedition and economy "favor separation of issues and the issues are clearly separable," bifurcation is an abuse of discretion if it is unfair or prejudicial to a party. *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 964 (10th Cir. 1993). Such prejudice includes improper bifurcation where the issues are so closely interwoven that the plaintiff would have to present the same evidence twice, or thrice, in separate trials. *See* 2 JAMES WM. MOORE, ET AL., MOORE'S MANUAL: FEDERAL PRACTICE ¶ 20.03[4][c] (3d ed. 2012).

The Defendant has failed to set forth adequate justification for bifurcation in this case. Evidence concerning the injury, if any, when it occurred, and how it happened are relevant to the affirmative FELA claim and also to Plaintiff's FRSA claim to counter Defendant's claim that Plaintiff lied about the injury in his report. Bifurcation would unreasonably expand the proceedings and would be prejudicial to the Plaintiff in having to present his case twice, or even three times if the punitive damages issue were to be bifurcated. Defendant's claim that it would suffer prejudice by having all the evidence presented in one trial is unsupported. While the court agrees that some evidence would be relevant to one claim and not necessarily to the other, courts routinely handle these matters through limiting instructions to the jury that the parties will be instrumental in preparing. This court disagrees that limiting instructions in this case will be too complicated for a jury to understand. As stated by the Supreme Court, "[u]nless we proceed on

the basis that the jury will follow the court's instructions where those instructions are clear and the circumstances are such that the jury can reasonably be expected to follow them, the jury system makes little sense." *Bruton v. United States*, 391 U.S. 123, 135 (1968). *See also United States v. Brooks*, 736 F.3d 921, 941 (10th Cir. 2013) ("absent a showing to the contrary, we presume jurors will conscientiously follow the trial court's instructions.") (internal quotations omitted.)

Because conducting a single trial on the two claims at issue in this case will expedite and economize the proceedings and promote convenience for the parties as well as avoid unfair prejudice to the Plaintiff occasioned by presenting duplicative evidence in numerous cases, it is

**ORDERED**

"BNSF Railway Company's Amended Motion and Brief in Support for Bifurcation of Plaintiff's FELA and FRSA Claims for Trial" [Doc. No. 77] is **DENIED**.

Dated October 8, 2019.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge