IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–00977–KMT

ANTHONY J. SMITH,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

---

**ORDER**

---

    This matter is before the court on Defendant's "Motion for Reconsideration" [Doc. No. 82] ("Mot."), filed August 15, 2019. Defendant seeks reconsideration of this court's Order dated June 12, 2019 [Doc. No. 73] ("SJ Order"). Defendant points to several errors it claims this court made in its twenty-nine-page SJ Order and seeks reconsideration of the court's denial of the Defendant's motion for summary judgment [Doc. No. 69]. Plaintiff filed a Response to the Motion for Reconsideration on September 4, 2019 [Doc. No. 88], and Defendant filed a Reply on October 1, 2019 [Doc. NO. 91].

    The facts of the case are well known to the parties and are stated in substantial detail in the SJ Order and therefore will not be unnecessarily repeated here. District courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment. *See Rimbert v. Eli Lilly & Co.,* 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders

even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *See Laird v. Stilwill,* 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997). As a practical matter, however, "to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *National Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.,* 115 F.Supp.2d 1250, 1256 (D. Colo. 2000). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

The bases for granting reconsideration are extremely limited and include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Gabriel v. Colorado Mountain Med., P.C.*, No. 13-CV-02261-REB-CBS, 2014 WL 7336789, at *1 (D. Colo. Dec. 23, 2014), *aff'd*, 628 F. App'x 598 (10th Cir. 2015); *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Thus, a motion for reconsideration may be appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id*.

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Auraria Student Hous. at Regency, LLC v. Campus Vill. Apartments, LLC*, No. 10-CV-02516-WJM-KLM, 2014 WL 4947325, at *1 (D. Colo. Oct. 1, 2014). The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *Does,* 204 F.3d at 1012. Absent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not

be made in a motion for reconsideration. *Id.* Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Skyline Potato Co. v. Rogers Bros. Farms*, No. 10-CV-02353-WJM-KLM, 2011 WL 5992788, at *1 (D. Colo. Nov. 30, 2011) (as amended Dec. 1, 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)).

*ANALYSIS*

       *I.     Re-visitation of Issues Already Addressed*

The court finds that Defendant's arguments B, C, F and G[1] (Mot. at 1-2) are merely a re-hash of arguments made in the summary judgment briefing. This court understands that Defendant disagrees with the court's findings and conclusions on these issues, but there is no support for an argument that the court misapprehended the facts, the Defendant's position, or the controlling law. The court has carefully analyzed Defendant's Motion, the SJ Order and the briefing on the underlying Motion for Summary Judgment. Based on that analysis, the court concludes that its SJ Order was not legally erroneous nor was there clear error on arguments B, C, F and G. Because Defendant has not shown that there was an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice, Defendant's Motion is denied with respect to those issues.

---

[1] The court recognizes the scrivener's error pointed out with respect to the citation of *Gutierrez v. Excel Corp.,* 106 F.3d 683, 686 n.3 (5th Cir. 1997) in the SJ Order at page 28. The correct citation is *Gutierrez v. Excel Corp.*, 106 F.3d 683, 689 (5th Cir. 1997). This does not change the court's analysis and conclusions.

## II.    Retaliatory Motive (Mot. Issue A)

Plaintiff points to one sentence in the SJ Order concerning "retaliatory <u>motive</u>" (emphasis in original) to argue that this court legally erred by failing to require Plaintiff prove that retaliatory animus and intentional retaliation prompted by Plaintiff's engagement in protected activity were required. In spite of the sentence cherry picked from the SJ Order and read in isolation, this is simply incorrect. The court spent many pages of the order outlining the correct legal standard to which Plaintiff would be held.

The court began its analysis by quoting from FRSA and setting forth the elements of the claim that 1) Plaintiff engaged in protected activity; 2) BNSF knew about the protected activity; 3) BNSF subjected Plaintiff to an unfavorable personnel action; and 4) the protected activity was a "contributing factor" in the unfavorable personnel action. (SJ Order at 7, citing *BNSF Ry. Co.v. United States DOL*, 816 F.3d 628, 638 (10th Cir. 2016); *Kuduk v. BNSF Ry. Co.*, 768 F.3d 786, 789 (8th Cir. 2014).) The court then addressed each of the elements in order, applying facts to the legal requirements. Eight pages after the elements had been set forth—four pages into the detailed analysis about the meaning of and application of "contributing factor" in the instant case—the court stated, "[i]t is not necessary in an FRSA retaliation case that the plaintiff show that the decisionmaker had a retaliatory <u>motive,</u>" citing to the decision in *Kuduk v. BNSF Ry. Co.*, 980 F. Supp. 2d 1092, 1100–01 (D. Minn. 2013), which was affirmed by the Eighth Circuit in the citation above. Defendant argues now, that because of this inclusion, the court did not follow controlling precedent from the Tenth Circuit in *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018), which held that "[t]he district court correctly focused on the decisionmaker's

knowledge and motive when analyzing Appellants' FRSA retaliation claims." *Id*. at 1212. However, the totality of the SJ Order does not support this argument.

In both the SJ Order and in *Kuduk*, the point being made by the courts under the facts in each of the cases, was that an employer does not have to have a willful, singular, specific intent to cause the plaintiff to be terminated based on the employee's engaging in protected activity in order to satisfy the contributing factor test in a FRSA case. As the court stated in *Kuduk*, "[t]he 'contributing factor' standard does not require a plaintiff to prove the protected activity was *the sole or predominant factor*." *Kuduk*, 980 F. Supp. 2d at 1100–01 (emphasis added; internal citation omitted).

While this court agrees that the isolated sentence could have been more artfully drafted to express this concept, the overall analysis of the order focused on the correct legal standard and did not eliminate the requirement that Plaintiff is required to prove that he engaged in protected activity, that BNSF knew that he engaged in the protected activity, and that engaging in the protected activity was a "contributing factor" in or to an unfavorable personnel action. Therefore, the Motion to Reconsider is denied on this basis.

### III. *Summary Judgment Standard and FELA Standard of Care (Mot. Issues D and E)*

On pages 5 and 6 of the SJ Order, the court laid out the legally correct standard for granting summary judgment. Summary judgment is only appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to both the FELA claim and the FRSA claims, this court set forth the elements of each claim and then addressed each element of each claim. With respect to the FELA claim, the court noted that two of the elements are "that the railroad

company was negligent; and . . . that the railroad company's negligence played some part in causing the injury for which the plaintiff seeks compensation under FELA." (SJ Order at 19.) As to the negligence portion of the elements, the court stated, "A railroad employer has a continuing non-delegable duty to use <u>reasonable</u> care to provide its employees a safe place to work." (*Id*., Section B at 20, emphasis added.) The court did not state that Defendant BNSF was to be held to a standard other than reasonable care and the court used the term "reasonable" **nine times** in Section (B)(2) alone. (*See* SJ Order at 20–27.)

It would appear, therefore, that Defendant's gripe is not with this court, but rather with the Supreme Court, whose pronouncements are controlling here. In *CSX Transp., Inc. v. McBride*, 564 U.S. 685 (2011), the Court stated,

> Given the breadth of the phrase "resulting in whole or in part from the [railroad's] negligence," and Congress' "humanitarian" and "remedial goal[s]," we have recognized that, in comparison to tort litigation at common law, "a relaxed standard of causation applies under FELA." [*Consolidated Rail Corp. v.*] *Gottshall,* 512 U.S. [532], 542–543 [1994]. In our 1957 decision in *Rogers* [*v. Missouri Pacific R. Co.*]*,* we described that relaxed standard as follows:
> > "Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." 352 U.S. [500], 506 [1957].
> As the Seventh Circuit emphasized, the instruction the District Court gave in this case, permitting a verdict for McBride if "[railroad] negligence played a part—no matter how small—in bringing about the injury," tracked the language of *Rogers*.

*McBride*, 564 U.S. at 691–92. *Gottshall*, *Rogers*, and *McBride* were all discussed in the SJ Order.

The Supreme Court has also recognized "that, whatever the rights and duties among persons generally, the industrial employer had a special responsibility toward his workers, who were daily exposed to the risks of the business and who were largely helpless to provide

6

adequately for their own safety." *Kernan v. Am. Dredging Co.*, 355 U.S. 426, 431–34 (1958). The court continued, stating, "the theory of the FELA is that where the employer's conduct falls short of the high standard required of him by this Act, and his fault, in whole or in part, causes injury, liability ensues." *Id*.

In the SJ Order this court, when discussing whether or not Plaintiff could survive a summary judgment attack and still present his case to a jury without an expert to offer an opinion on causation, cited several circuit opinions stating that the evidentiary showing required of a Plaintiff in a FELA case to move past a Rule 56 challenge and get his case before a jury is "more than a scintilla of evidence in order to create a jury question on the issue of employer liability, but not much more," *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 810 (6th Cir. 1996) (overruled on other grounds by *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000)), or "scarcely more substantial than pigeon bone broth," *Green v. CSX*, 414 F.3d 758, 766 (7th Cir. 2005) (quoting *Habin v. Burlington Northern Railroad Co.*, 921 F.2d 129, 132 (7th Cir. 1990)).

This court in no way conflated the summary judgment standard under Federal Rule of Procedure 56 with the less stringent standards governing the sufficiency of Plaintiff's evidence to establish his *prima facie* FELA claim, but instead applied the correct law to the facts and found sufficient evidence for Plaintiff to go forward to a jury on his FELA claims, including the reasonable duty owed to him by BNSF.

The court apprehends no legal error in this analysis, and therefore the Motion to Reconsider is denied on these two issues as well.

Wherefore, it is

**ORDERED** that Defendant's "Motion for Reconsideration" [Doc. No. 82] is **DENIED**.

Dated October 11, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge